L. V. ESTES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45059. Promulgated March 18, 1931.

*C. S. Cole, Esq.*, for the petitioner.
*S. P. Pierson, Esq.*, for the respondent.

OPINION.

SMITH: Section 234 (a) (5) of the Revenue Act of 1926 permits the deduction from the gross income of a corporation of:

Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; * * *

Article 151 of Regulations 69, promulgated under the provisions of the Revenue Act of 1926, provides in part:

Taxpayers were given an option for 1921 to select either of the methods mentioned for treating such debts. [(1) by a deduction from income in respect of debts ascertained to be worthless in whole or in part; or (2) by a deduction from income by a reserve for bad debts.] (See article 151, Regulations 62.) The method used in the return for 1921 must be used in returns for subsequent years and for returns under the Revenue Act of 1926 unless permission is granted by the Commissioner to change to the other method. * * * Application for permission to change the method of treating bad debts shall be made at least 30 days prior to the close of the taxable year for which the change is to be effective. * * *

Article 155 of the same regulations provides in part:

* * * Taxpayers who have, prior to 1925, established the reserve method of treating bad debts and maintained proper reserve accounts for bad debts, or who, in accordance with article 151, or upon securing permission from the Commissioner, adopt the reserve method of treating bad debts, may deduct from gross income a reasonable addition to a reserve for bad debts in lieu of a deduction for specific bad debt items.

The petitioner from its books of account has prepared a computation which shows the credits and debits to an account called " Bad Debt Allowance " and " Reserve for Bad Debts." A similar acount has been maintained by the petitioner from 1917. The petitioner's balance sheets at different dates have reflected the balance of this account. In making its income tax returns for 1921 and 1922, the petitioner deducted not an addition to a reserve for bad debts, but the

amount of debts ascertained to be worthless and charged against the reserve within the year. Apparently for years subsequent to 1922 the petitioner has claimed the deduction of the addition to the reserve. Only the year 1926 is before us. Under the Commissioner's regulations, the petitioner not having adopted the bad debt reserve method of treating its bad debts for the years 1921 and 1922, and not having, so far as the record shows, secured the permission of the Commissioner to change from an actual bad debts charge-off to a reserve for bad debts method, it is not entitled to deduct from the gross income of 1926 an addition to a reserve for bad debts, but is entitled to deduct only the debts ascertained to be worthless and charged off within the year. The respondent has allowed the petitioner such deduction. The action of the respondent in disallowing the deduction of $8,231.63 of the amount claimed as an addition to a bad debt reserve is sustained. *Kay Mfg. Co.*, 18 B. T. A. 753: *Gustave Rader Co.*, 19 B. T. A. 12; *Britton Lumber Co.*, 20 B. T. A. 583; *Bonded Securities Corporation*, 20 B. T. A. 965.

*Judgment will be entered for the respondent.*